IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RHONALD MARTINEZ #476155 | § | |
| VS. | § | CIVIL ACTION NO. 6:21cv316 |
| FNU MEADOR, et al. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff filed a civil rights lawsuit *pro se* pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights in prison. The claims before the Court were severed from his original complaint and transferred to this Court for proper venue. (Dkt. #19.) The new case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case. (Dkt. #21.)

**I. Facts**

Plaintiff alleges in his second amended complaint that he is receiving inadequate care for diabetes in prison, which is causing objective deterioration in his health. (Dkt. #27 at 4, 6–7.) By contemporaneously entered order, the Court is authorizing Plaintiff to effect service upon Defendants Meador and Fisher on those claims.

Plaintiff also alleges that he has been infected with hepatitis-C (HCV) since at least December of 2017. (*Id.* at 4.) He says that anti-viral treatment for HCV came out in 2013 and that he first learned it was available in prison in 2017 or 2018. (*Id.* at 6.) But when he requested such treatment, Dr. Gary Wright "freaked out," said he did not care if Plaintiff lived or died, and told Plaintiff to get out of his office. (*Id.*) Plaintiff alleges that Dr. Wright cited the cost of the HCV treatment at "upwards of $1,000.00 a pill" as the reason for not treating him. (*Id.* at 7.) Plaintiff

1

says he still has HCV and that staff will not perform the further testing necessary to confirm the extent of his illness or authorize treatment. (*Id.*)

Also in the record, however, is the Amicus Curiae Martinez Report filed at the Court's request by the Texas Office of the Attorney General (OAG), which includes the Affidavit of Dr. Steven Bowers and relevant portions of Plaintiff's medical records. (Dkt. #36.) Dr. Bowers is a licensed physician and the legal coordinator for The University of Texas Medical Branch Correctional Managed Care (UTMB/CMC). (Dkt. 36-1 at 2.) He reviewed Plaintiff's medical records beginning February 1, 2017, and testified as follows concerning Plaintiff's HCV status:

> Mr. Martinez tested HCV Ab (+) on January 24, 2014. He later had a confirmatory nucleic acid test (HCV rna by pcr) on September 16, 2019. The results of the test showed "not detected." Additional testing was performed on February 10, 2020, and September 23, 2020, both of which also showed "not detected." Because Mr. Martinez had multiple consecutive HCV rna by pcr test results that show "not detected," this indicates he has no current HCV infection and that no further action is required.

(Dkt. #36-1 at 3–4.) Attached to Dr. Bowers's affidavit are the medical records confirming the accuracy of his testimony, including Plaintiff's multiple HCV "not detected" test results. (*Id.* at 26–30.) Also attached is a guidance sheet from the United States Centers for Disease Control and Prevention explaining that "not detected" results like Plaintiff's mean "[n]o current HCV infection" and that "[n]o further action [is] required in most cases." (*Id.* at 32.)

Plaintiff's response to the Martinez Report does not dispute its substance with regard to the HCV issue. (Dkt. #38.)

Plaintiff sues Dr. Wright and UTMB clinical nursing director Pam Pace for the failure to treat him for HCV. He seeks to enjoin them to provide the treatment and to recover unspecified compensatory and punitive damages. (Dkt. #27 at 3–4.)

2

**II. Legal Standards and Preliminary Screening**

Plaintiff is an inmate seeking relief from government officials and employees, so his complaint is subject to screening under 28 U.S.C. § 1915A. That statute provides for *sua sponte* dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id*. (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening under section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr County, Texas*, 2016 WL 2344231 *3 (W.D. Tex. May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows

the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

All well-pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

Furthermore, the Fifth Circuit has repeatedly upheld the use of Martinez Reports to develop the known facts of a case until it is satisfied that either the claims have merit or they do not:

> As we have noted before, it is not always easy to determine whether a claim is frivolous simply by examining a complaint written by a prisoner unfamiliar with the rules of our courts. Prisoner complaints, more often than not, are difficult to decipher. However, this court has insisted that when it is not apparent from the fact of the complaint whether the prisoner's contentions are frivolous or not, the district court should make an effort to develop the known facts until satisfied that either the claims have merit or they do not. We have suggested that this may be done in a number of ways.

*Parker v. Carpenter*, 978 F.2d 190, 191 (5th Cir. 1992) (citing *Cay v. Estelle*, 789 F.2d 318, 325 (5th Cir. 1986) (internal citations omitted)). Ordering prison officials to investigate the facts surrounding a prisoner's complaint enables the district court to determine frivolity. *See Cay*, 789 F.3d at 193, n.2 ("In addition, this circuit cited with approval the procedure developed by the Tenth

4

Circuit: ordering the prison officials to investigate the facts surrounding a civil rights suit by inmates to construct 'an administrative record . . . to enable the trial court to . . . make a determination [of frivolity.]'") (citing *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978)). Such "[e]xpansion of the record . . . enables the court to make an informed decision regarding the merits of an action by reference to the reality of the situation rather than by speculating as to the nature of the claim." *Id.* at 324 (citing *Anderson v. Coughlin*, 700 F.2d 37, 41 (2nd Cir. 1983)).

The Fifth Circuit has upheld a district court's reliance on a Martinez Report in a prisoner civil rights lawsuit alleging deliberate indifference to serious medical needs. *See Bailey v. Vincent*, 694 F. App'x 283, 284 (5th Cir. 2017) (Mem.) (unpublished) ("Second, although the State raised affirmative defenses in its Martinez report, Bailey has shown no error in the district court's reliance on the report, which was otherwise proper under the circumstances.") (citing *Parker*, 978 F.2d at 191 n.2).

### III. Discussion and Analysis

As mentioned above, the Court is authorizing service of Plaintiff's diabetes-related claims upon Defendants Meador and Fisher. The HCV claims against Defendants Pace and Wright, however, require separate consideration.

First, it appears that Plaintiff sues Defendant Pace solely because of her role as a supervisor at UTMB. But lawsuits against supervisory personnel based on their positions of authority are claims of liability under the doctrine of *respondeat superior*, which does not generally apply in Section 1983 cases. *Williams v. Luna*, 909 F.2d 121 (5th Cir. 1990). A supervisor may be held liable only if he is personally involved in a constitutional deprivation, a causal connection exists between the supervisor's wrongful conduct and a constitutional deprivation, or if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional

rights and is the moving force behind a constitutional deprivation. *Thompkins v. Belt*, 828 F.2d 298 (5th Cir. 1987).

Plaintiff does not allege facts that would satisfy this standard with regard to Defendant Pace. He suggests that she denied relief on an administrative grievance he filed about "Doctor Wrights inhumane refusal to give [him] the cure for H.C.V.," but denying relief on a grievance is not sufficient personal involvement to establish an official's liability under Section 1983. *See Martinez v. Stephens*, No. CV H-16-0195, 2017 WL 607129, at *3 (S.D. Tex. Feb. 15, 2017) ("Because the denial of a prisoner's administrative grievance is not actionable under section 1983, no wrongful conduct as to either Bailey or O'Hare is alleged. *See Geiger v. Jowers*, 404 F.3d 371, 373–74 (5th Cir. 2005).").

Moreover, there is no nonfrivolous basis for a civil rights claim against either Pace or Wright arising from the Plaintiff's lack of treatment for HCV. Deliberate indifference to a prisoner's serious medical needs constitutes an Eighth Amendment violation and states a cause of action under Section 1983. *Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir. 1989). To prevail on a claim for such deliberate indifference, an inmate must establish an objectively "excessive risk to inmate health or safety" and a defendant's subjective deliberate disregard of that risk. *Farmer v. Brennan*, 511 U.S. 835, 837 (1994). Plaintiff's claim fails at the first prong. The unchallenged relevant records establish that, despite a positive initial test many years ago, Plaintiff does not have an active HCV infection, and there is no reason to believe that further action is warranted. He thus has no objectively serious medical need for HCV treatment and cannot hold anyone liable for deliberate indifference to a non-existent need.

For these reasons, Plaintiff's HCV claim fails to state a claim for which relief can be granted.

6

**IV. Conclusion**

For the reasons set forth above, Plaintiff's second amended complaint fails to state a claim upon which relief can be granted against Defendants Pace or Wright.

RECOMMENDATION

Accordingly, the undersigned recommends that Defendants Pace and Wright be dismissed from this action and that Plaintiff's claim for deliberate indifference in connection with HCV be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 7th day of April, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE