IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| RHONALD MARTINEZ | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 6:21cv316 |
| FNU MEADOR, et al. | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff filed a pro se civil rights lawsuit pursuant to 42 U.S.C. § 1983 in the United States District Court for the Southern District of Texas. A portion of his suit was severed and transferred to this Court for proper venue, where it was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case. (Dkt. ##19, 21.)

It is well-settled that a plaintiff has an ongoing obligation and responsibility to inform the Court of his whereabouts through a current mailing address. *See Martinez-Reyes v. United States*, 2016 WL 8740494 *4 (S.D. Tex. Oct. 10, 2016) (explaining that "litigants, including prisoners, bear the burden of filing notice of a change of address in such a way that will bring attention of the court to address change.") (quoting *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999)). This requirement is memorialized in the Local Rules of the Eastern District of Texas: "A pro se litigant must provide the court with a physical address (i.e., a post office box is not acceptable) and is responsible for keeping the clerk advised in writing of his or her current physical address." Local Rule CV-11(d).

Plaintiff has been expressly advised of those requirements repeatedly through the course of this litigation. Specifically, the form on which Plaintiff filed both his amended complaint and

his second amended complaint informed him of his responsibility to "inform the court of any change of address and its effective date" and that failure to do so "may result in the dismissal" of his lawsuit. (Dkt. #24 at 2; Dkt. #27 at 2.) Again, just above Plaintiff's signature on both documents, the complaint form required him to acknowledge this obligation: "I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit." (Dkt. #24 at 5; Dkt. #27 at 5.)

The record demonstrates that Plaintiff is aware of his obligation to keep the Court apprised of his current mailing address. He filed one notice of change of address on May 19, 2022, upon his transfer from one facility to another. (Dkt. #44.) But he has never complied with the Court's order regarding seeking and serving summonses in this case, which was re-mailed to him at the second address on May 20, 2022, and another order mailed to him at the second address has been returned as undeliverable. (Dkt. ##39, 45, 46.)

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court. Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action sua sponte, without motion by a defendant."). Dismissal with prejudice for failure to comply with a court order is an extreme sanction that should be employed only when "the plaintiff's conduct has threatened the integrity of the judicial process [in a way that] leav[es] the Court no choice but to deny that plaintiff its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (citing *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)). A court should consider lesser sanctions, such as

fines, costs, damages, conditional dismissals, and dismissal without prejudice, among other lesser measures, prior to dismissing an action with prejudice. *McNeal*, 842 F.2d at 793.

Here, Plaintiff's failure to prosecute and to maintain a current address with the Court or to comply with the order to take the steps necessary to serve the Defendants is not an action that threatens the judicial process—thereby rendering a dismissal with prejudice unwarranted. Therefore, upon consideration of all relevant factors, the Court has determined that the interests of justice are best served by a dismissal of this case without prejudice.

## RECOMMENDATION

Accordingly, the undersigned recommends that this action be dismissed without prejudice for Plaintiff's failure to prosecute this case. Because Plaintiff's second amended complaint includes events dating back several years, the statute of limitations in this case should be suspended for ninety days from the entry of judgment. *See Campbell v. Wilkinson*, 988 F.3d 798, 801 n.1 (5th Cir. 2021) (explaining that "[w]here further litigation of [a] claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same standard of review is used"). The suspension of the statute of limitations will not affect any claims that were already barred by the operation of that statute at the time they were filed in the present case.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy

3

shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 30th day of January, 2023.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE